# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BILL LIETZKE,

                    Plaintiff,

    v.

GREYHOUND LINES, INC.,

                    Defendant.

Case No. 3:19-cv-00106-TMB

## ORDER OF DISMISSAL

Self-represented litigant, Bill Lietzke filed a complaint on April 12, 2019, along with a civil cover sheet and a Motion to Proceed In Forma Pauperis.[1] The complaint and cover sheet names Greyhound Lines, Inc. as the defendant.[2] Additionally, the cover sheet indicates that the complaint presents a federal question under 42 U.S.C. § 1983 and describes the cause as "false imprisonment, harassment, civil rights violations."

The complaint alleges that on April 20, 2018, Mr. Lietzke was traveling via Greyhound bus.[3] He alleges that upon his arrival in Birmingham, Alabama Greyhound employees "purposely deprived the Plaintiff of freedom of movement by use of physical barrier and force and other total and complete unreasonable duress" "which harmed the Plaintiff" and resulted in him being jailed. Mr. Lietzke

---

[1] Dockets 1-3.

[2] Dockets 1 & 2.

[3] Docket 1 at 1-2.

alleges these actions violated his First and Fourth Amendment rights under the U.S. Constitution.[4]

For relief, Mr. Lietzke requests "Punitive Damages, Actual Damages, Compensatory Damages, and Irreparable Damages of $2,000,000,000.00."[5]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status.[6] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its

---

[4] *See* Docket 1.

[5] Docket 1 at 3.

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that the relevant law, 28 U.S.C. § 1915(e) "applies to all [IFP] complaints," and not just those filed by prisoners).

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian*

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 2 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 2 of 12

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]

Furthermore, the United States Supreme Court has established that "the federal courts are under an independent obligation to examine their own jurisdiction[.]"[11] In a federal court proceeding, a jurisdictional defect may be raised at any time.[12]

---

*Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[12] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 3 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 3 of 12

## DISCUSSION

Mr. Lietzke's complaint alleges that he was assaulted by Greyhound Lines employees and then wrongly jailed in Birmingham, Alabama, thusly violating his civil rights. The Court takes judicial notice that this is the same factual claim Mr. Lietzke filed at Case No. 3:19-cv-104-TMB.[13] Mr. Lietzke fails to plausibly allege a claim under 42 U.S.C. § 1983. Further, the complaint fails to establish subject matter or personal jurisdiction over the defendants and is filed in the incorrect venue. Additionally, Mr. Lietzke has filed this claim in several district courts across the country making this lawsuit frivolous. In this case, amendment would be futile; therefore, the Court will not grant leave to amend.

### 42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[14] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal

---

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[14] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 4 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 4 of 12

Constitution or federal statutes."[15] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[16] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[17] Critically, a plaintiff must establish a causal link between the state action and the alleged violation of his rights.[18] These essential elements must be pleaded in a § 1983 claim.

42 U.S.C. § 1983 also requires that a defendant must be "acting under the color of state law".[19] This essential element of the statute limits who may be a proper defendant under § 1983 litigation. For instance, private citizens, state governmental agencies, and states are not proper defendants for a § 1983 action.[20] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual

---

[15] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[16] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

[17] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[18] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[19] *West*, 487 U.S. at 49.

[20] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 5 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 5 of 12

determination.[21] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[22] Mr. Lietzke's complaint names a private party, not a state actor—Greyhound Lines, Inc. This defendant is not and cannot be a state actor, which means an essential element of a 42 U.S.C. § 1983 claim cannot be established.

In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[23] Mr. Lietzke has not and cannot plausible allege these elements. Therefore, his complaint must be dismissed.

<u>Subject Matter Jurisdiction</u>

Jurisdiction is "[a] court's power to decide a case or issue a decree."[24] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[25] As a federal court, this Court has limited subject matter

---

[21] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).
[22] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); see also *Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).
[24] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[25] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 6 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 6 of 12

jurisdiction. It possesses "only that power authorized by the Constitution and statute."[26] This means that the Court has the authority to hear only specified types of cases.[27] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[28]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[29] As established above, Mr. Lietzke cannot establish a viable claim under 42 U.S.C. § 1983. Because the complaint does not plausibly allege a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Alternatively, a federal court may exercise jurisdiction when there is diversity of citizenship between the parties. Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant."[30] This means that

---

[26] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[27] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[28] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[29] 28 U.S.C. § 1331.

[30] *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 7 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 7 of 12

this Court could have jurisdiction over a case (Including one involving only state law issues) where the plaintiff demonstrates that he is a citizen of a different state than the state of citizenship of each of the defendants.[31] However, if any of the defendants are citizens of the same state as Mr. Lietzke, then no diversity jurisdiction exists.[32] The complaint does not specify Mr. Lietzke's state of citizenship, nor the state citizenship of each of Greyhound Lines. However, addresses for plaintiff and defendant indicate Alabama as a state of residence. Because he has not demonstrated diverse citizenship here, this Court does not have diversity jurisdiction over his current complaint.

This Court has neither federal question jurisdiction nor diversity jurisdiction over this case. Therefore, this Court has no subject matter jurisdiction over this matter.

When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[33] In light of the foregoing, Mr. Lietzke's complaint must be dismissed for lack of subject matter jurisdiction.

---

"complete diversity of citizenship")).

[31] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

[32] *Id.*

[33] Fed. R. Civ. P. (12)(h)(3).

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 8 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 8 of 12

## Personal Jurisdiction

The Court must have personal jurisdiction over the parties. Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process."[34] Under the Rules of Civil Procedure, personal jurisdiction may be established over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[35] If the defendant is located out-of-state, the United States Constitution requires that a defendant must have a minimum level of contacts with the state in which the federal court is located in order for that court to be authorized to hear the case.[36] A plaintiff must show that an out-of-state defendant had sufficient minimum contacts with and in Alaska necessary as not to offend the "traditional notices of fair play and substantial justice."[37]

The complaint articulates that the events at issue occurred in Birmingham, Alabama. Additionally, the addresses for the prospective defendants are all

---

[34] *Black's Law Dictionary* (10th ed. 2014).

[35] Fed. R. Civ. P. Rule 4(k)(1)(A).

[36] *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945).

[37] *Int'l Shoe*, 326 U.S. at 316 (citation and internal quotation marks omitted). Alaska's long-arm statute, AS 09.05.015(c), "authorizes Alaska's courts 'to assert jurisdiction to the maximum extent permitted by due process.'" *Polar Supply Co., Inc. v. Steelmaster Industries, Inc.*, 127 P.3d 54, 56 (Alaska 2005) (citations omitted). "As the United States Supreme Court explained in *International Shoe Co. v. Washington*, due process requires that a defendant have 'minimum contacts' with the forum state such that maintaining a suit in the forum state 'does not offend 'traditional notions of fair play and

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 9 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 9 of 12

located in Alabama. The complaint does not establish any events or contacts that would give defendants reasonable notice of this Court's jurisdiction. Due to this lack of contacts, it would offend the traditional notices of fair play and justice for this Court to assert jurisdiction. Therefore, this Court has no personal jurisdiction over the defendants. As such, the Court has no jurisdiction and the complaint must be dismissed.

## Venue

A civil action must also be brought in the proper venue in order for a district court to have proper jurisdiction.[38] In general, a civil lawsuit is properly filed in "(1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located," (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) if there is no other district where the suit can be brought then in a judicial district where "any defendant is subject to the court's personal jurisdiction."[39]

Here, none of the defendants reside in the District of Alaska, nor do the alleged events take place in the District of Alaska. And, as discussed above, this

---

substantial justice.'" *In re Fields*, 219 P.3d 995, 1008 (Alaska 2009) (quoting *International Shoe*, 326 U.S. at 316).
[38] 28 U.S.C. § 1391.

[39] 28 U.S.C. § 1391(b).

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 10 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 10 of 12

Court does not have personal jurisdiction over any of the defendants. Accordingly, this action is not filed in the proper venue and must be dismissed.

## Frivolous Lawsuits

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[40] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis in either in law or in fact."[41] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[42] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[43]

Mr. Lietzke has frequently attempted to litigate his allegations against Greyhound Lines. A search of federal dockets reveals Mr. Lietzke has filed numerous complaints in numerous districts including in Alabama, California, Montana, Nevada, and Oregon.[44] As such, Mr. Leitzke's action is frivolous

---

[40] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[41] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[42] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[43] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[44] *See Lietzke v. Greyhound Lines, Inc.*, 2:18-cv-00488 (M.D. Ala. 2018); *Lietzke v. Greyhound Lines, Inc.*, 2:18-cv-01853, 2:18-cv-01650 (N.D. Ala. 2018); *Lietzke v. Greyhound Lines, Inc.*, 2:18-cv-02734, 2:18-cv-02392 (E.D. Cal. 2018); *Lietzke v. Greyhound Lines, Inc.*, 4:18-cv-06197 (N.D. Cal. 2018); *Lietzke v. Greyhound Lines,*

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 11 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 11 of 12

because it merely repeats previously litigated claims. Therefore, the complaint must be dismissed with prejudice for frivolousness.

<u>Futility of Amendment</u>

Mr. Lietzke's complaint lacks an plausible claim or jurisdiction. Under the facts alleged, Mr. Lietzke is unable to establish personal jurisdiction over the defendants. Additionally, Mr. Lietzke has previously litigated these claims in several jurisdictions making them frivolous. Therefore, amendment is futile.

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim, lack of jurisdiction, frivolousness, and the futility of amendment.

2. The Application to Proceed in District Court without Prepaying Fees of Costs at Docket 3 is **DENIED AS MOOT**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska this 11th day of June, 2019.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
United States District Judge

---

*Inc.*, 9:19-cv-00062 (D. Mont. 2018), *Lietzke v. Greyhound Lines, Inc.*, 3:19-cv-00560 (D. Or. 2019).

3:19-cv-00106-TMB, *Lietzke v. Greyhound Lines, Inc.*
Order to Dismiss
Page 12 of 12
Case 3:19-cv-00106-TMB   Document 8   Filed 06/11/19   Page 12 of 12